[No. 5,632.]

## BRANDOW *v.* WHITNEY ET AL.

FRAUD—APPEAL.

APPEAL from a judgment for the defendant, and from an order denying a new trial, in the Fourth District Court, City and County of San Francisco. MORRISON, J.:

The facts are stated in the opinion.

*M. A. Wheaton*, for Appellant.

*Jarboe & Harrison*, for Respondents.

Department No 2, SHARPSTEIN, J.

The *gravamen* of the complaint is, that the plaintiff was induced by the fraudulent representations of the defendants, all of whom were stockholders, and six of them Trustees, of the Virginia Silver Mining Company, to purchase the stock of that corporation, which he alleges was worthless. He alleges that the representation which induced him to purchase said stock

was that the above named corporation " had purchased a certain mill and mines from an Indiana corporation, and was the absolute owner thereof, and that the certificates of stock (which he purchased) did in fact represent the said mill and mines so purchased."

We are unable to find in the transcript any evidence which tends to prove that any of the defendants, except defendant Bailey, made any representations whatever to the plaintiff. The plaintiff testified on the trial, and the nearest approach that he made to inculpating any of the other defendants, is in his statement that he casually met defendant McDonald on the street, and told him that he, plaintiff, "understood Mr. Bailey that there was a consolidation of the Virginia and Big Smoky Mill Mine," and McDonald replied, that " that was his understanding of it."

It is unnecessary to point out the discrepancy between this statement and that above quoted from the complaint. Plaintiff's counsel admits, in his brief, "That there is some evidence tending to show that Whitney and McDonald acted in good faith." If there is any tending to prove that they did not, it has escaped our observation.

Defendant Bailey, according to the testimony of the plaintiff, told him, on two or more occasions, that there was a *consolidation* of the two corporations. Bailey so said in response to questions asked him by the plaintiff. Bailey did not state, nor did plaintiff inquire, what the terms of the consolidation were. This is a brief but fair statement of all the testimony introduced by the plaintiff to sustain the allegation of his complaint, that the defendants represented that the Virginia Silver Mining Company had purchased the mill and mines of the Indiana corporation, and was the absolute owner thereof. As this and all the other allegations of the complaint, which charge that the defendants made false representations, are denied in their answer, the inadequacy of the evidence in this respect is sufficiently apparent.

But the evidence shows that there was, at the time when plaintiff purchased his stock, a contract of sale and purchase between the two corporations. One of the terms of the sale was,

that the vendor should retain the possession of the mill and mines sold, until the profits of working them amounted to $40,000, or until the vendee paid that sum to the vendor, when, in either event, the vendor was to make an absolute conveyance of the mill and mines to the vendee.

The plaintiff's counsel criticises this transaction, and doubts its *bona fides*; but there is no proof that it was not what it purported to be. If the plaintiff did not know the terms of the sale, there is no evidence that he ever inquired what they were, nor that any one gave him any false or other information concerning them. His sole complaint now is that he was deceived in regard to the terms of the sale. If a conveyance had been made to the vendee, and it had been put into the actual possession of the property, the plaintiff admits that he would have had no cause of complaint, and yet he does not testify that any one ever told him that such a conveyance had been made, or that the vendee had been put into the possession of the property. He was told that there had been a consolidation, and that satisfied him until the price of the stock declined, and then he sought and obtained information of the terms of that consolidation.

When the plaintiff rested, a motion for a nonsuit was made and granted as to all the defendants except Bailey, McDonald, and Whitney. There was no error in that. A few of the rulings of the Court are excepted to, but they were upon comparatively unimportant points, and appear to us to be correct.

The Court found against the plaintiff upon all the material issues, and rendered judgment in favor of the defendants. A motion for a new trial was made and denied. We are not satisfied that the order denying a new trial should be disturbed.

The judgment was entered December 2nd, 1873, and this appeal was taken June 3d, 1876. We are, therefore, compelled to disregard the appeal from the judgment.

Order denying the motion for a new trial affirmed.

THORNTON, P. J., and MYRICK, J., concurred.